**EXHIBIT C**

LCV210125

CAUSE NO. _____

| | | |
|---|---|---|
| **LINDLEY REDD** *Plaintiff* | § § § § § | IN THE DISTRICT COURT Live Oak County - 343rd District Court |
| Vs. | § § | \_\_\_JUDICIAL DISTRICT |
| **JOSE SOTO AND LC EXPRESS SERVICE, INC.** *Defendants.* | § § § § | LIVE OAK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Lindley Redd, hereinafter referred to by name or as Plaintiff, and complains of Jose Soto and LC Express Service, Inc., hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 3 of Rule 190.4 Texas Rules of Civil Procedure.

### II.

### PARTIES

2. Plaintiff Lindley Redd, is an individual residing in Live Oak County, Texas. Plaintiff's Texas Drivers license number is XXXX339. Social Security Number XXX-XX-X327.

3. Defendant Jose Soto is an individual residing in Minooka, Illinois and he may be served at **10475 N Mclinden Rd, Minooka, IL 60447** or wherever he may be found.

4. Defendant LC Express Service, Inc. is a for profit, Illinois corporation and may be served by serving its registered agent, Miguel A Lopez, located at **5753 Danielle Ln, Yorkville, IL**

REDD/PLEADINGS
PLAINTIFFS' ORIGINAL PETITION

PAGE 1

E-Filed for Record
8/31/2021 5:58 PM
Live Oak County District Clerk, TX
By: Dana Davis

**60560,** or wherever it may be found, or by substituted service on the Chairman of the Texas Transportation Commission, pursuant to Texas Civil Practice & Remedies Code § 17.062.

### III.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over the Defendants because they committed a tort which forms the basis of this action in the state of Texas, and the amounts sought herein are within the jurisdictional limits of this Court

6. Venue is proper before this Court pursuant to Tex. Civ. Prac. & Remedies Code §15.002(a)(1) as all or a substantial part of the events giving rise to the claim occurred in Live Oak County.

### IV.

### FACTS

7. On or about February 26, 2021 Plaintiff, Lindley Redd, was operating his 2019 Chevrolet Spark on US Hwy 281, in Live Oak County, Texas, when Defendant Jose Soto, who was operating a 2021 Kenworth T660, while in the course and scope of his employment/agency with the Defendant LC Express Service, Inc., suddenly and without warning pulled out in front of Plaintiff, failing to yield the right of way.

### V.

### CAUSES OF ACTION

8. The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages were proximately caused by the negligent conduct of Defendants. Defendant Jose Soto operated the vehicle being driven in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in

one or more of the following respects, including but not limited to:

    a.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;
    b.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;
    c.    in failing to turn the vehicle in an effort to avoid the collision in question; and
    d.    in failing to control speed in an unsafe manner;

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this court, and for which he now sues.

9.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

10.    Defendant, LC Express Service, Inc. is responsible to Plaintiff in damages for each and every negligent act and/or omission of Defendant Jose Soto under the doctrine of respondeat superior, and/or the doctrine of borrowed servant, and/or agency as those terms are understood in law in that Defendant Jose Soto was operating the vehicle in the course and scope of his employment/agency with LC Express Service, Inc.. This Defendant was also negligent in one or more of the following respects:

    a.    negligent hiring and supervision;
    b.    negligent entrustment;
    c.    negligent training and supervision; and
    d.    negligent retention.
    e.    distraction of its driver due to the need to view their computer application,

11.    As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered serious bodily injuries.

## VI.

## GROSS NEGLIGENCE

12. Defendants Jose Soto and LC Express Service, Inc.'s negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to drivers that share the road, such as Plaintiff. Defendants had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to the rights, safety, or welfare of Plaintiff, or others similarly situated.

## VII.

## EXEMPLARY DAMAGES

13. The above-referenced acts and/or omissions by Defendants Jose Soto and LC Express Service, Inc. constitute malice as that term is defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code and gross negligence as the term is defined by Section 41.001(11).

14. The Defendants' act or omissions described above, when viewed objectively from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

15. Defendants had actual, subjective awareness of the risk involved in the above-described acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

16. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in questions and the resulting injuries and damage sustained by Plaintiff.

17. Therefore, because of such acts of malice and gross negligence on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VIII.

## CAUSATION AND DAMAGES

18.     Each of the acts and omissions described above, taken singularly or in any combination, constitutes negligence and gross negligence which proximately caused the collision, injuries and damages as specifically set forth herein, all of which Lindley Redd suffered.

19.     As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe bodily injuries to his neck, back, and other parts of his body generally. His entire body were bruised, battered, and contused and he suffered great shock to his entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects will abide with the Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to generally deteriorate, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

20.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

    a.    Medical care and expenses incurred in the past;
    b.    Medical care and expenses that will in all reasonable probability incurred in the future;
    c.    Physical pain and suffering sustained in the past;
    d.    Physical pain and suffering that will in all reasonable probability be sustained in the future;

  e. Physical impairment and disability in the past;
  f. Physical impairment and disability that will in all reasonable probability will be sustained in the future;
  g. Loss of wages in the past;
  h. Loss of past and future earning capacity;
  i. Mental anguish in the past;
  j. Mental anguish that will in all reasonable probability be suffered in the future;
  k. Physical disfigurement in the past; and
  l. Physical disfigurement that will in all reasonable probability be suffered in the future.

## IX.

## INTEREST

21. Plaintiff further requests both pre-judgment and post-judgment interest on all their damages as allowed by law.

## X.

## RULE 47 NOTICE

22. Plaintiff seeks monetary relief over $1,000,000 and demands a judgement for all other relief to which they deem to be justly entitled.

## XI.

## NOTICE OF SELF-AUTHENTICATION

23. Pursuant to Tex.R.Civ.P. 193.7, Plaintiff gives notice of intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party.

## XII.

## DEMAND FOR JURY TRIAL

24. Plaintiff hereby demands a jury trial in this matter and is paying the applicable jury fee.

## XIII.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of earnings; and
12. Loss of earning capacity;
13. Pre judgment interest;
14. Post judgment interest;
15. Exemplary damages;

Respectfully submitted,

**THOMAS J. HENRY LAW PLLC**
521 Starr Street
Corpus Christi, Texas 78401
Telephone: (361) 985-0600
Facsimile: (361) 985-0601

By: _____
Adam B. Nichols
State Bar No. 24046531
*email: *enichols-svc@tjhlaw.com*
**ATTORNEYS FOR PLAINTIFF**
* Service by email to this address only

## COURTESY NOTICE TO DEFENDANT

**IF YOU HAD INSURANCE AT THE TIME OF THE INCIDENT WHICH FORMS THE BASIS OF THIS LAWSUIT, PLEASE FORWARD A COPY OF THIS PETITION TO YOUR INSURANCE COMPANY AND REQUEST THAT THEY PROVIDE YOU WITH A DEFENSE.**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Adam Nichols on behalf of Adam Nichols
Bar No. 24046531
anichols-svc@thomasjhenrylaw.com
Envelope ID: 56869911
Status as of 9/1/2021 1:05 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Adam Nichols | | anichols-svc@thomasjhenrylaw.com | 9/1/2021 1:01:46 PM | SENT |
| Jordan Mata | | jmata@thomasjhenrylaw.com | 9/1/2021 1:01:46 PM | SENT |