**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **LINDLEY REDD,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **JOSE SOTO AND LC EXPRESS SERVICE,** | § | **Civil Case No. 2:22-cv-174** |
| **INC.** | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Lindley Redd hereinafter referred to by name or as Plaintiff, and files this First Amended Complaint, in response to Defendant LC Express Service, Inc.'s motion for a more definite statement. In complaining of Defendants Jose Soto and LC Express Service, Inc., hereinafter referred to by name or as Defendants, and for cause of action, Plaintiff would respectfully show unto the Court as follows:

### I.

### PARTIES

1. Plaintiff Lindley Redd, is an individual residing in Live Oak County, Texas. Plaintiff's Texas Drivers license number is XXXX339. Social Security Number XXX-XX-X327.

2. Defendant Jose Soto is an individual residing in Minooka, Illinois and he has been served with process and has made a general appearance in these proceedings.

3. Defendant LC Express Service, Inc. is a for profit, Illinois corporation and it has been served with process and has made a general appearance in these proceedings.

## II.

## JURISDICTION AND VENUE

4.    This suit was originally filed in the district court for Live Oak County, Texas. Defendants subsequently removed the case based on diversity jurisdiction.

5.    Plaintiff does not dispute that the amount in controversy exceeds $75,000.01, nor does he dispute that the facts as presently known to the parties suggest that both Defendants are legal citizens of the State of Illinois. However, if subsequent discovery reveals any lack of complete diversity, Plaintiff reserves the right to file a motion to remand.

6.    To the extent that this case has been properly removed to federal court, this Court is the proper venue under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1441(a).

## III.

## FACTS

7.    On or about February 26, 2021 Plaintiff Lindley Redd was operating his 2019 Chevrolet Spark on US Hwy 281 in Live Oak County, Texas, when Defendant Jose Soto, who was operating a 2021 Kenworth T660, while in the course and scope of his employment/agency with the Defendant LC Express Service, Inc., suddenly and without warning executed a left turn and pulled out in front of Plaintiff, failing to yield the right of way as required by Texas Transportation Code § 545.152.

8.    Upon information and belief, Defendant Soto, as a professional truck driver, was subjectively aware of the need to yield the right of way when performing a left turn, and was further aware that failure to yield presents a significant risk of catastrophic property damage and/or grievous bodily harm, including the potential for fatal injuries, to motorists such as the Plaintiff and others similarly situated.

9.    Upon information and belief, Defendant Soto consciously and/or willfully disregarded these risks in a manner that was more than ordinary negligence when he illegally failed to yield the right of way when he turned left, and that in so doing he placed the Plaintiff in direct risk of harm.

10.    Upon information and belief, Defendant Soto's conscious and/or willful disregard of the known risks presented by his failure to yield was a proximate and foreseeable cause of the wreck at issue in this lawsuit, which caused the Plaintiff to suffer property damage and personal injuries.

11.    Upon information and belief, Defendant LC Express Service, Inc. failed to exercise due care in selecting Defendant Soto for employment as one of its drivers; failed to provide Defendant Soto with adequate and appropriate training, including, but not limited to, defensive driving training; failed to adequately supervise Defendant Soto's driving to ensure that he was operating within the traffic laws of the State of Texas and otherwise behaving as a reasonable truck driver would behave in the same or similar circumstances, including, but not limited to, the failure to equip its trucks with adequate monitoring systems, the failure to have its office staff monitor driver behavior closely enough to ensure that company drivers were not driving in an unsafe manner, and the failure to correct driver behavior via appropriate disciplinary measures; and retained Defendant Soto in its employ when it knew or should have known that he was an unsafe driver whose behavior presented a significant risk of catastrophic property damage and/or grievous bodily harm to motorists such as the Plaintiff and others similarly situated to him.

12.    Upon information and belief, Defendant LC Express Service, Inc. was subjectively aware that selecting the wrong drivers and/or failing to provide said drivers with adequate and

appropriate training and/or failing to adequately supervise said drivers and/or retaining said drivers after they were revealed to be unsafe drivers presented a significant risk of catastrophic property damage and/or grievous bodily harm to motorists such as the Plaintiff and others similarly situated to him.

13.    Upon information and belief, Defendant LC Express, Inc. consciously and/or willfully disregarded these known, significant risks in a manner that was more than mere ordinary negligence, and this conscious and/or knowing disregard was a proximate and foreseeable cause of harm to the Plaintiff.

## IV.

## CAUSES OF ACTION

14.    The allegations contained in Paragraphs 7 through 13 are incorporated herein by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

15.    The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages were proximately caused by the negligent conduct of Defendants. Defendant Jose Soto operated the vehicle being driven in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects, including but not limited to:

    a.    In failing to yield the right of way while making a left turn, as required by Texas Transportation Code § 545.152 (which constitutes negligence per se);

    b.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    c.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

      d.  in failing to turn the vehicle to avoid the collision in question; and

      e.  in failing to control speed in an unsafe manner.

By reason of all the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this court, and for which he now sues.

16.   Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

17.   Defendant LC Express Service, Inc. is responsible to Plaintiff in damages for each and every negligent act and/or omission of Defendant Jose Soto under the doctrine of *respondeat superior*, and/or the doctrine of borrowed servant, and/or agency as those terms are understood in law in that Defendant Jose Soto was operating the vehicle in the course and scope of his employment/agency with LC Express Service, Inc. This Defendant was also negligent in one or more of the following respects:

      a.  negligent hiring and supervision;

      b.  negligent entrustment;

      c.  negligent training and supervision; and

      d.  negligent retention.

      e.  distraction of its driver due to the need to view their computer application,

18.  As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered property damage and serious bodily injuries.

19. Plaintiff was not negligent in connection with the occurrence in question, and Plaintiff denies any allegations by Defendants and/or each of them that anything Plaintiff did or failed to do was a proximate cause of the occurrence in question.

20. Plaintiff generally denies any affirmative defense asserted by any Defendant.

21. Plaintiff pleads all matters herein supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

### V.

### GROSS NEGLIGENCE

22. The allegations contained in Paragraphs 7 through 21 are incorporated herein by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

23. Defendants Jose Soto and LC Express Service, Inc.'s negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to drivers that share the road, such as Plaintiff. Defendants had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to the rights, safety, or welfare of Plaintiff, or others similarly situated.

### VI.

### EXEMPLARY DAMAGES

24. The allegations contained in Paragraphs 7 through 23 are incorporated herein by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

25. The above-referenced acts and/or omissions by Defendants Jose Soto and LC Express

Service, Inc. constitute malice as that term is defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code and gross negligence as the term is defined by Section 41.001(11).

26.   The Defendants' act or omissions described above, when viewed objectively from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others similarly situated to him.

27.   Defendants had actual, subjective awareness of the risk involved in the above-described acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others similarly situated to him.

28.   The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in questions and the resulting injuries and damage sustained by Plaintiff.

29.   Therefore, because of such acts of malice and gross negligence on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

**VII.**

**CAUSATION AND DAMAGES**

30.   The allegations contained in Paragraphs 7 through 29 are incorporated herein by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

31.   Each of the acts and omissions described above, taken singularly or in any combination, constitutes negligence and gross negligence which proximately caused the collision, injuries and damages as specifically set forth herein, all of which Lindley Redd suffered.

32.   As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe bodily injuries to his neck, back, and other parts of his body generally. His entire body were bruised, battered, and contused and he suffered great shock to his entire

nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects will abide with the Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to generally deteriorate, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

33.   Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

    a.   Medical care and expenses incurred in the past;

    b.   Medical care and expenses that will in all reasonable probability incurred in the future;

    c.   Physical pain and suffering sustained in the past;

    d.   Physical pain and suffering that will in all reasonable probability be sustained in the future;

    e.   Physical impairment and disability in the past;

    f.   Physical impairment and disability that will in all reasonable probability will be sustained in the future;

    g.   Loss of wages in the past;

    h.   Loss of past and future earning capacity;

    i.   Mental anguish in the past;

    j.   Mental anguish that will in all reasonable probability be suffered in the future;

    k.   Physical disfigurement in the past; and

    l.   Physical disfigurement that will in all reasonable probability be suffered in the future.

## VIII.

## <u>INTEREST</u>

34.   Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## IX.

## <u>DEMAND FOR JURY TRIAL</u>

35.   Plaintiff hereby demands a jury trial in this matter and is paying the applicable jury fee.

## X.

## <u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and in equity, including, but not limited to:

1.    Pain and suffering in the past;
2.    Pain and suffering in the future;
3.    Mental anguish in the past;
4.    Mental anguish in the future;
5.    Past medical expenses;
6.    Future medical expenses;

7.   Physical impairment in the past;
8.   Physical impairment in the future;
9.   Physical disfigurement in the past;
10.  Physical disfigurement in the future;
11.  Loss of earnings; and
12.  Loss of earning capacity;
13.  Pre judgment interest;
14.  Post judgment interest;
15.  Exemplary damages.

RESPECTFULLY SUBMITTED,

THOMAS J HENRY LAW, PLLC
777 Post Oak Blvd, Suite 800
Houston, Texas 77056
Tel:    (210) 656-1000
Fax:    (361) 985-0601
Service email: wjones-svc@thomasjhenrylaw.com

By:    *Wayne Allen Jones*
         WAYNE ALLEN JONES
         State Bar No. 24036860
         ATTORNEYS FOR PLAINTIFFS
         *\* TCRP 21a service by this email only*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly served in accordance with the Federal Rules of Civil Procedure on this the 9th day of November, 2022.

*Wayne Allen Jones*
Wayne A. Jones

REDD/PLEADINGS                                                                 PAGE 10
PLAINTIFF'S AMENDED PETITION